# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **HAIDEE E.,** | * |
| **Plaintiff,** | * |
| vs. | *   Civil Action No. ADC-20-0021 |
| **COMMISSIONER, SOCIAL SECURITY ADMINISTRATION,**[1] | * |
| **Defendant.** | * |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

On January 4, 2020 Haidee E. ("Plaintiff") petitioned this Court to review the Social Security Administration's ("SSA") final decision to deny her claim for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). ECF No. 1 ("the Complaint"). After consideration of the Complaint and the parties' cross-motions for summary judgment (ECF Nos. 12, 15), the Court finds that no hearing is necessary. Loc.R. 105.6 (D.Md. 2018). For the reasons that follow, Plaintiff's Motion for Summary Judgment (ECF No. 12) and Defendant's Motion for Summary Judgment (ECF No. 15) are DENIED, the decision of the SSA is REVERSED IN PART, and the case is REMANDED to the SSA for further analysis in accordance with this opinion.

## PROCEDURAL HISTORY

On May 11, 2016, Plaintiff filed a Title II application for DIB and a Title XVI application for SSI alleging disability beginning on August 31, 2013. ECF No. 13 at 24. ECF No. 10 at 15. Her claims were denied initially and upon reconsideration on August 30, 2016, and May 15, 2017, respectively. *Id.* at 98, 15. On July 25, 2017, Plaintiff filed a written request for a hearing and, on October 15, 2018, an Administrative Law Judge ("ALJ") presided over a hearing. *Id.* at 15. On

---

[1] Currently, Andrew Saul serves as the Commission of the Social Security Administration.

January 3, 2019, the ALJ rendered a decision ruling that Plaintiff "ha[d] not been under a disability, as defined in the Social Security Act [(the "Act")] from August 31, 2013, through the date of this decision." *Id.* at 26. Thereafter, Plaintiff filed an appeal, and on November 5, 2019, the Appeals Council affirmed the decision of the ALJ, which became the final decision of the SSA. *See* 20 C.F.R. § 416.1481 (2018); *see also Sims v. Apfel*, 530 U.S. 103, 106–07 (2000).

On January 4, 2020, Plaintiff filed the Complaint in this Court seeking judicial review of the SSA's denial of her disability application. On October 30, 2020, Plaintiff filed a Motion for Summary Judgment, and Defendant filed a Motion for Summary Judgment on February 12, 2021.[2] This matter is now fully briefed, and the Court has reviewed both parties' motions.

## STANDARD OF REVIEW

"This Court is authorized to review the [SSA]'s denial of benefits under 42 U.S.C. § 405(g)." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (citation omitted). The Court, however, does not conduct a *de novo* review of the evidence. Instead, the Court's review of an SSA decision is deferential, as "[t]he findings of the [SSA] as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g); *see Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996) ("The duty to resolve conflicts in the evidence rests with the ALJ, not with a reviewing court."); *Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986) ("We do not conduct a *de novo* review of the evidence, and the [SSA]'s finding of non-disability is to be upheld, even if the court disagrees, so long as it is supported by substantial evidence." (citations omitted)). Therefore, the issue before the reviewing court is not whether the plaintiff is disabled, but whether the ALJ's finding that the plaintiff is not disabled is supported by substantial evidence and was

---

[2] On March 23, 2021, in accordance with 28 U.S.C. § 636 and Local Rules 301 and 302 of the United States District Court for the District of Maryland and upon consent of the parties, this case was transferred to United States Magistrate Judge A. David Copperthite for all proceedings.

reached based upon a correct application of the relevant law. "[A] reviewing court must uphold the [disability] determination when an ALJ has applied correct legal standards and the ALJ's factual findings are supported by substantial evidence." *Brown v. Comm'r Soc. Sec. Admin.*, 873 F.3d 251, 267 (4th Cir. 2017) (citation and internal quotation marks omitted).

"Substantial evidence is that which a reasonable mind might accept as adequate to support a conclusion. It consists of more than a mere scintilla of evidence but may be less than a preponderance." *Pearson v. Colvin*, 810 F.3d 204, 207 (4th Cir. 2015) (internal citations and quotation marks omitted). "In reviewing for substantial evidence, we do not undertake to reweigh conflicting evidence, make credibility determinations, or substitute our judgment for that of the ALJ. Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the ALJ." *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012) (internal citations and quotation marks omitted). Therefore, in conducting the "substantial evidence" inquiry, the court shall determine whether the ALJ has considered all relevant evidence and sufficiently explained the weight accorded to that evidence. *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997).

## DISABILITY DETERMINATIONS AND BURDEN OF PROOF

In order to be eligible for DIB and/or SSI, a claimant must establish that she is under disability within the meaning of the Act. The term "disability," for purposes of the Act, is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). A claimant shall be determined to be under disability where "[her] physical or mental impairment or impairments are

of such severity that [s]he is not only unable to do [her] previous work but cannot, considering [her\] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy[.]" 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

In determining whether a claimant has a disability within the meaning of the Act, the ALJ, acting on behalf of the SSA, follows the five-step evaluation process outlined in the Code of Federal Regulations. 20 C.F.R. §§ 404.1520, 416.920; *see Mascio v. Colvin*, 780 F.3d 632, 634–35 (4th Cir. 2015). The evaluation process is sequential, meaning that "[i]f at any step a finding of disability or nondisability can be made, the SSA will not review the claim further." *Barnhart v. Thomas*, 540 U.S. 20, 24 (2003); *see* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

At step one, the ALJ considers the claimant's work activity to determine if the claimant is engaged in "substantial gainful activity." 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If the claimant is engaged in "substantial gainful activity," then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(i), 404.1520(b), 416.920(a)(4)(i), 416.920(b).

At step two, the ALJ considers whether the claimant has a "severe medically determinable physical or mental impairment [or combination of impairments] that meets the duration requirement[.]" 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the claimant does not have a severe impairment or combination of impairments meeting the durational requirement of twelve months, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(ii), 404.1520(c), 416.909, 416.920(a)(4)(ii), 416.920(c).

At step three, the ALJ considers whether the claimant's impairments, either individually or in combination, meet or medically equal one of the presumptively disabling impairments listed in the Code of Federal Regulations. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the impairment meets or equals one of the listed impairments, then the claimant is considered disabled,

regardless of the claimant's age, education, and work experience. 20 C.F.R. §§ 404.1520(a)(4)(iii), 404.1520(d), 416.920(a)(4)(iii), 416.920(d); *see Radford v. Colvin*, 734 F.3d 288, 291 (4th Cir. 2013).

Prior to advancing to step four of the sequential evaluation, the ALJ must assess the claimant's residual functional capacity ("RFC"), which is then used at the fourth and fifth steps of the analysis. 20 C.F.R. §§ 404.1520(e), 416.920(e). RFC is an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis. SSR 96-8p, 1996 WL 374184, at *1 (July 2, 1996). The ALJ must consider even those impairments that are not "severe." 20 C.F.R. § 404.1545(a)(2).

In determining RFC, the ALJ evaluates the claimant's subjective symptoms (e.g., allegations of pain) using a two-part test. *Craig v. Chater*, 76 F.3d 585, 594 (4th Cir. 1996); 20 C.F.R. § 404.1529. First, the ALJ must determine whether objective evidence shows the existence of a medical impairment that could reasonably be expected to produce the actual alleged symptoms. 20 C.F.R. § 404.1529(b). Once the claimant makes that threshold showing, the ALJ must evaluate the extent to which the symptoms limit the claimant's capacity to work. 20 C.F.R. § 404.1529(c)(1). At this second stage, the ALJ must consider all the available evidence, including medical history, objective medical evidence, and statements by the claimant. 20 C.F.R. § 404.1529(c). The ALJ must assess the credibility of the claimant's statements, as symptoms can sometimes manifest at a greater level of severity of impairment than is shown by solely objective medical evidence. SSR 16-3p, 2017 WL 5180304, at *2–13 (Oct. 25, 2017). To assess credibility, the ALJ should consider factors such as the claimant's daily activities, treatments she has received for her symptoms, medications, and any factors contributing to functional limitations. *Id.* at *6–8.

At step four, the ALJ considers whether the claimant is able to perform past relevant work based on the determined RFC. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant can still perform past relevant work, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1520(f), 416.920(a)(4)(iv), 416.920(f).

Where the claimant is unable to resume past relevant work, the ALJ proceeds to the fifth and final step of the sequential analysis. During steps one through four of the evaluation, the claimant has the burden of proof. 20 C.F.R. §§ 404.1520, 416.920; *see Bowen v. Yuckert*, 482 U.S. 137, 146 (1987); *Radford*, 734 F.3d at 291. At step five, however, the burden of proof shifts to the ALJ to prove: (1) that there is other work that the claimant can do, given the claimant's age, education, work experience, and RFC (as determined at step four), and; (2) that such alternative work exists in significant numbers in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *see Hancock*, 667 F.3d at 472–73; *Walls v. Barnhart*, 296 F.3d 287, 290 (4th Cir. 2002). If the claimant can perform other work that exists in significant numbers in the national economy, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 404.1520(g)(1), 404.1560(c), 416.920(a)(4)(v). If the claimant cannot perform other work, then the claimant is disabled. *Id.*

## **ALJ DETERMINATION**

In the instant matter, the ALJ preliminarily found that Plaintiff met the insured status requirements of Title II of the Act through December 31, 2018. ECF No. 10 at 17. The ALJ then performed the sequential evaluation and found at step one that Plaintiff "ha[d] not engaged in substantial gainful activity since August 31, 2013." *Id.* At step two, the ALJ found that Plaintiff had severe impairments of "bipolar disorder, depressive disorder and migraine headaches." *Id.* at 18. At step three, the ALJ determined that Plaintiff did not have an impairment or combination of

impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. pt. 404, subpt. P, app'x 1. *Id.*. The ALJ then determined that Plaintiff had the RFC:

> to perform a full range of work at all exertional levels but with the following nonexertional limitations: The [Plaintiff] can understand, remember, and carry out simple instructions. In addition to normal breaks, she would be off task for 10 percent of an 8-hour workday due to racing thoughts. She can occasionally interact with supervisors and co-workers; but can never interact with the public. She can tolerate occasional changes in the work setting.

*Id.* at 20. The ALJ then determined at step four that Plaintiff was unable to perform any past relevant work. *Id.* at 23. Finally, at step five, the ALJ found "[c]onsidering [Plaintiff's] age, education, work experience, and [RFC], there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform." *Id.*. Thus, the ALJ concluded that Plaintiff "ha[d] not been under a disability, as defined in [the Act], from August 31, 2013, through the date of this decision." *Id.* at 24.

## DISCUSSION

Plaintiff raises several allegations of error on appeal. Plaintiff argues that the ALJ erroneously assessed Plaintiff's RFC by failing to provide an adequate explanation to support Plaintiff's limitations, failing to include a limitation on concentration or task persistence, failing to properly evaluate pertinent evidence, and failing to adequately address Plaintiff's migraines. Plaintiff also argues that the ALJ improperly evaluated her credibility by failing to properly evaluate evidence contrary to the ALJ's findings. The Court agrees that the ALJ erred by failing to adequately address Plaintiff's migraines but rejects the remainder of Plaintiff's arguments. Each argument is addressed in turn.

1. **The ALJ Erroneously Assessed Plaintiff's RFC.**

Plaintiff first argues that the ALJ failed to engage in an adequate narrative discussion in the RFC determination. Specifically, that the ALJ "provided no explanation to support her findings

that Plaintiff would be able to understand, remember, and carry out simple instruction, and in addition to normal breaks, would be off task for 10 percent of an eight-hour workday." ECF No. 12-1 at 5. Social Security Ruling ("SSR") 96-8p provides the proper framework for evaluating a claimant's RFC. The Ruling provides in part:

> The RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations). In assessing RFC, the adjudicator must discuss the individual's ability to perform sustained work activities in an ordinary work setting on a regular and continuing basis (i.e., 8 hours a day, for 5 days a week, or an equivalent work schedule), and describe the maximum amount of each work-related activity the individual can perform based on the evidence available in the case record. The adjudicator must also explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved.

SSR 96-8p, 1996 WL 374184, at *7 (footnote omitted). Furthermore, "[t]he Ruling instructs that the [RFC] 'assessment must first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis, including the functions' listed in the regulations.

Here, the ALJ appropriately addressed and explained Plaintiff's ability to understand, remember, and carry out simple instruction as well as her time off task. At step-three, the ALJ explained that Plaintiff has a moderate limitation in understanding, remembering, or applying information. ECF No. 10 at 18. The ALJ then described the evidence from the medical record as well as Plaintiff's own statements from which her determination was made:

> The medical evidence of record, including mental status reports, generally shows no serious deficits in long-term memory, short-term memory, insight, and judgment. The [Plaintiff] was able to give a good history of her medical and mental health history to treating and examining practitioners. An April 2017 mental status examination indicated the [Plaintiff] was oriented to person, time and place. She was able to repeat three words right away and was able to recall two out of three words after five minutes. She was able to spell W-O-R-L-D backwards without difficulty. She was able to name simple object, repeat a simple phrase and follow simple command. She scored 29/30 on a mini mental state examination, which

> indicated normal mental functioning. Finally, the [Plaintiff] generally did not complain of symptoms related to understanding and remembering to treating practitioners.

*Id.* Additionally, the ALJ stated that she gave great weight to the initial State agency opinions finding that Plaintiff "can understand, remember and carry out simple instructions." *Id.* at 22. Therefore, Plaintiff's assertion that the ALJ provided "no explanation to support her findings that Plaintiff was able to understand, remember, and carry out simple instructions" is without merit. ECF No. 12-1 at 5.

Regarding the ALJ's conclusion that Plaintiff would be off task for 10% of the day, Plaintiff cites to a series of cases which warranted remand because the ALJ failed to provide a logical bridge between the plaintiff's limitations and RFC determination. ECF No. 12-1 at 6-7. Plaintiff's reliance on these cases is misplaced. In those cases, the ALJ never provided an explanation for the finding that the plaintiff would be off task during the workday. *Pugh v. Commissioner*, Civil No. SAG 15-03365, 2016 WL 5173216 at *2, (D.Md. Sep. 21, 2016) (stating that the ALJ provided no support that plaintiff would be off task 8% of the time since no mention of plaintiff's task performance is made in plaintiff's testimony, the VE's testimony, or plaintiff's medical records), *Deborah P. v. Commissioner*, Civil No. 18-0150, 2019 WL 1936721, at 2* (D.Md. Apr. 30, 2019) (same).

Here, there is sufficient discussion of Plaintiff's time off task to create a logical bridge between Plaintiff's limitation and the ALJ's RFC determination. First, Plaintiff testified that she experiences racing thoughts every day which affect her ability to focus and concentrate. ECF No. 10 at 76. Plaintiff explained that she gets "so consumed with [her] thoughts that [she] just like get[s] sidetracked or something." *Id.* Further, when discussing the depressive periods of Plaintiff's bipolar disorder, the ALJ asked whether Plaintiff can finish any tasks that she starts, to which Plaintiff replied she could not and that things like "paperwork [are] overwhelming." *Id.* at 81.

In the ALJ's proposed hypothetical to the VE, the ALJ accounted for Plaintiff's racing thoughts, suggesting that they would cause Plaintiff to be off task for 10% of an eight-hour workday. *Id.* at 88. In the RFC analysis, the ALJ stated that "the record indicated that [Plaintiff] has manic episodes and experiences racing thoughts. There is insufficient evidence of record, however, demonstrating that those symptoms are severe enough to prevent her from focusing attention on work activities and staying on task so as to preclude her from work." *Id.* at 23. The ALJ also noted that based on medical record evidence, Plaintiff "generally did not complain to treating practitioners of serious difficulty maintaining concentration, persistence, and pace" determining that Plaintiff "maintains the ability to focus attention on work activities and stay on task at a sustained rate." *Id.* at 19. The VE testified that more than 15% of the day spent off task would preclude a plaintiff from work. *Id.* at 90. Thus, the ALJ's determination that Plaintiff's racing thoughts would not preclude her from work is supported by substantial evidence. Therefore, the Court finds that the ALJ properly set forth a narrative discussion in her function-by-function assessment.

Plaintiff argues that the ALJ failed to include any limitation on concentration or task persistence because the conclusion that Plaintiff could understand, remember, and carry out simple instructions does not amount to a limitation. ECF No. 12-1 at 8. Plaintiff relies on *Mascio v. Colvin* to support this argument. *Mascio v. Colvin*, 780 F.3d 632, 638 (4th Cir.2015). In the section Plaintiff quotes from *Mascio v. Colvin*, the court stated that "the ability to perform simple tasks differs from the ability to stay on task. Only the latter limitation would account for a claimant's limitation in concentration, persistence, or pace." *Id.* As discussed, the ALJ did provide a time off task limitation in her RFC determination. In accordance with *Mascio*, the ALJ's inclusion of the

fact that "in addition to normal breaks, [Plaintiff] would be off task for 10 percent of an eight-hour workday" is sufficient. ECF No. 10 at 20. Thus, the Court rejects Plaintiff's argument.

The Court also rejects Plaintiff's argument that the ALJ failed to properly evaluate pertinent evidence. Plaintiff contends that despite the State agency's findings and VE's testimony, the ALJ did not address Plaintiff's limitation to make simple work-related decisions. ECF No. 12-1 at 13. However, the ALJ did in fact address these limitations in the RFC analysis. The ALJ explained that great weight was accorded to the State's opinion that Plaintiff can carry out simple instructions. ECF No. 10 at 22. The State's opinion sets out a narrative discussion as to why it reached this conclusion. ECF No. 10 at 106, 118. By citing to the relevant parts of these opinions and explaining the weight to which they were accorded, the ALJ properly evaluated the evidence. "Substantial evidence is that which a reasonable mind might accept as adequate to support a conclusion. It consists of more than a mere scintilla of evidence but may be less than a preponderance." *Pearson v. Colvin*, 810 F.3d 204, 207 (4th Cir. 2015) (internal citations and quotation marks omitted). As such, remand is not warranted on this basis because the ALJ has supported the RFC determination with more than a "scintilla of evidence."

However, the Court agrees that the ALJ erred by failing to consider Plaintiff's migraines in the RFC determination. SSR 96-8p provides that the ALJ "must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not severe." SSR 96-8p, 1996 WL 374184, at *7 (footnote omitted). At step-two the ALJ found that Plaintiff's migraines constituted a severe impairment. ECF No. 10 at 18. Plaintiff testified that she experiences migraines two to three times a month and that she cannot function during them. *Id.* at 84. The ALJ acknowledged this in the RFC analysis. *Id.* at 20. However, the ALJ did not provide a limitation for Plaintiff's migraines or how the migraines would impact Plaintiff's ability to work.

This is concerning since VE explained that more than one absence per month or more than twelve absences a year is beyond the range for competitive employment. *See id.* at 90-91. The lack of an explanation by the ALJ as to why she did not include Plaintiff's migraines in the RFC determination frustrates meaningful review and warrants remand.

### 2. The ALJ Properly Evaluated Plaintiff's Complaints.

Plaintiff's final argument is that the ALJ improperly evaluated Plaintiff's subjective complaints. ECF No. 12-1 at 14. Plaintiff asserts that the ALJ erred because the State agency opinions found that Plaintiff's impairments could reasonably be expected to produce Plaintiff's symptoms. *Id.* Defendant contends that the ALJ did, in fact, discuss Plaintiff's statements about the intensity, persistence, and limiting effects of her symptoms and found they were inconsistent with the record as a whole. ECF No. 15-1 at 11. Further, Defendant argues that "it is important to recognize that an ALJ does not simply accept or disregard whole opinions—after a complete review of the record, she affords proper weight according to supportability." *Id.* (internal citation omitted). The Court agrees with Defendant.

The ALJ explained that considering all of the medical evidence of record, Plaintiff's allegations were not consistent with such evidence. ECF No. 10 at 21. In the consideration of Plaintiff's mental impairments, the ALJ explained in detail the inconsistencies between the record evidence and Plaintiff's complaints. *Id.* at 18-23. The ALJ addressed Plaintiff's daily activities, treatment records, and examination notes. *Id.* "If a physician's opinion is not supported by the clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight." *Mastro v. Apfel*, 270 F.3d 171, 178 (4th Cir. 2001) (internal citation omitted). Accordingly, based on the evidence as a whole, the ALJ appropriately accorded little

weight to parts of the State agency opinions. Therefore, the Court finds the ALJ properly evaluated Plaintiff's subjective complaints.

## CONCLUSION

In summation, the Court finds that the ALJ improperly found that Plaintiff was "not disabled" within the meaning of the Act from August 31, 2016, through the date of her opinion. Pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is REVERSED due to inadequate analysis. Therefore, based on the foregoing, Plaintiff's Motion for Summary Judgment (ECF No. 12) is DENIED, Defendant's Motion for Summary Judgment (ECF No. 15) is DENIED, and the decision of the SSA is REMANDED for further proceedings in accordance with this opinion. In so holding, the Court expresses no opinion as to the validity of the ALJ's ultimate disability determination. The clerk is directed to CLOSE this case.

Date: 6 April 2021

A. David Copperthite
United States Magistrate Judge